UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:12-cr-0003-SEB-TAB-5 |
| | ) | |
| LYSSA ALIANO, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On October 2, 2015 and October 14, 2015, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on September 15, 2015 and a supplemental petition dated September 30, 2015.  Defendant Aliano appeared in person with her appointed counsel, Joseph Cleary.  The government appeared by Matthew Lasher, Assistant United States Attorney and Barry Glickman, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Jay Hardy.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Aliano of her rights and provided her with a copy of the petitions.  Defendant Aliano waived her right to a preliminary hearing.

2. After being placed under oath, Defendant Aliano admitted violations 1, 2, 3, 4, and 5.  [Docket No. 337.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |

On January 20, 2015, the offender reported she has been charged in Monroe County, Indiana, with a new criminal offense. The offender was charged with Theft, Class A misdemeanor, under cause number 53C03-1501-CM-000027. She was charge after being accused of stealing items from a Walmart store on October 4, 2014. On March 31, 2015, the offender was sentenced following her conviction for Conversion, Class A misdemeanor, to court costs and a fine of $1.00. This was previously reported to the Court.

On May 27, 2015, the offender was arrested for Possession of Paraphernalia by Indianapolis Metropolitan Police Department. The offender was a passenger in a motor vehicle stopped by law enforcement investigating a theft. The offender was cooperative with law enforcement, who seized a marijuana grinder from the offender. Formal charges were never filed against the offender. This was previously reported to the Court.

| | |
|---|---|
| 2 | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |

The offender failed to notify the probation officer of the contact with law enforcement from her arrest on May 27, 2015, within seventy-two hours. On June 11, 2015, the probation officer became aware of the law enforcement contact through the National Crime Information Center.

| | |
|---|---|
| 3 | **"The defendant shall not associate with any persons engaged in a criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."** |

On May 27, 2015, in the above cited incident,t he offender was a passenger in a vehicle driven by Joe Montez. Mr. Montez is a convicted felon who was on parole for Dealing in Cocaine. The offender advised she did not know Montez, but knew another passenger in the vehicle which was stopped by Indianapolis Metropolitan Police department investigating the theft..

| | |
|---|---|
| 4 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On June 16, 2015, the offender submitted a urine specimen which tested positive for opiates. One June 26, 2015, the offender was confronted and advised she had taken a Lortab which had not been prescribed to her. On

>June 23, 2015, the defendant submitted a urine specimen which tested negative for illegal drugs.
>
>On August 25, 2015, the offender submitted a urine sample which tested positive for opiates. On September 7, 2015, Alere Laboratories confirmed the sample tested positive for morphine. The offender was confronted about the results and denied she used illegal drugs.

5    **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying apportion of the fees of substance abuse testing and/or treatment."**

>On August 19, 2015, the offender was asked by the treatment provider to produce a urine sample for testing. The offender was unable to produce a urine sample.
>
>On September 9, 2015, the probation officer was notified by the treatment provider the offender arrived approximately two hours after her scheduled appointment. The provider indicated the offender was angry, defensive, and denied she had a drug problem of any kind. The offender was subsequently terminated from services by the provider.

4. The Government orally moved to dismiss violations 6 and 7 of the supplemental petition and the Court granted the same; accordingly, violations 6 and 7 of the supplemental petition are **DISMISSED**.

5. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is II.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months' imprisonment.

5. The parties jointly recommended a sentence of 12 months in the Federal Bureau of Prisons with no supervised release to follow.

3

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that her supervised release should be revoked, and that she should be sentenced to the custody of the Attorney General or his designee for a period of 12 months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated:  16 OCT 2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal